## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SHELLY MCLEOD,                          Case No. 2:22-cv-12560
                                        Hon. David M. Lawson
            Plaintiff,                  Hon. Mag. Judge David R. Grand

v.

52ND DISTRICT COURT and
JUDGE JOSEPH G. FABRIZIO,
in his personal capacity,

            Defendants.

_____

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO
## PLAINTIFF'S COMPLAINT AND JURY DEMAND

270195410

Defendants 52nd District Court ("52nd District Court") and Judge Joseph G. Fabrizio ("Judge Fabrizio") (collectively, "Defendants"), through their attorneys Clark Hill PLC, state as follows for their Answer and Affirmative Defenses to Plaintiff's Complaint and Jury Demand (the "Complaint"):

## INTRODUCTION

1.      Defendants admit only that Plaintiff's Complaint is premised on alleged violations of 42 U.S.C. § 1983 (First Amendment Retaliation), the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2611, *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), 29 U.S.C. § 2601 *et seq.*, Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 794 *et seq.*, and Michigan's Whistleblower Protection Act ("WPA"), MCL § 15.362, *et seq.*, and that Plaintiff seeks equitable, declaratory, and money damages against Defendants arising out of her employment with and termination from the 52nd District Court. Defendants deny any violation of the any laws or statutes, including the aforementioned statutes, or that they are liable to Plaintiff for any reason or in any amount.

## PARTIES AND JURISDICTION

2.      Defendants neither admit nor deny the allegations contained in Paragraph 2, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

1

3.      Admitted.

4.      Admitted.

5.      Paragraph 5 contains a conclusion of law to which no response is required.

6.      Paragraph 6 contains a conclusion of law to which no response is required.

7.      Paragraph 7 contains a conclusion of law to which no response is required.

8.      Defendants deny as untrue the allegations contained in Paragraph 8. Answering further, Defendants state that Judge Fabrizio cannot be sued in his official capacity as a matter of law and that the caption of the lawsuit indicates that Plaintiff is only suing Judge Fabrizio in his personal capacity.

9.      Paragraph 9 contains a conclusion of law to which no response is required.

## FACTUAL ALLEGATIONS[1]

10.     Admitted.

---

[1] The subheadings in this section of Plaintiff's Complaint do not constitute numbered allegations that are part of the Complaint, so no response is required to these subheadings. To the extent that a response is deemed required, Defendants deny as untrue any allegations contained in the un-numbered subheadings in the "Factual Allegations" section of Plaintiff's Complaint.

11.    Defendants neither admit nor deny the allegations contained in Paragraph 11, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

12.    Defendants neither admit nor deny the allegations contained in Paragraph 12, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

13.    Defendants neither admit nor deny the allegations contained in Paragraph 13, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

14.    Defendants neither admit nor deny the allegations contained in Paragraph 14, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

15.    Defendants neither admit nor deny the allegations contained in Paragraph 15, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

16.    Admitted.

17.    Defendants neither admit nor deny the allegations contained in Paragraph 17, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

270195410

18.     Defendants neither admit nor deny the allegations contained in Paragraph 18, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

19.     Defendants neither admit nor deny the allegations contained in Paragraph 19, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

20.     Defendants neither admit nor deny the allegations contained in Paragraph 20, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

21.     Admitted.

22.     Admitted.

23.     Defendants deny as untrue the allegations contained in Paragraph 23 in the manner and form alleged.

24.     Admitted.

25.     Admitted.

26.     Defendants deny as untrue the allegations contained in Paragraph 26 in the manner and form alleged.

27.     Defendants admit only that Luce's predecessor wrote a letter to Oakland County Human Resources regarding Plaintiff, which letter is the best evidence of its contents, and deny as untrue any allegations contained in Paragraph

4

27 that are inconsistent with the contents of the letter. Defendants deny as untrue the remaining allegations contained in Paragraph 27 in the manner and form alleged.

28.     Defendants admit only that Luce's predecessor wrote a letter to Oakland County Human Resources regarding Plaintiff, which letter is the best evidence of its contents, and deny as untrue any allegations contained in Paragraph 28 that are inconsistent with the contents of the letter. Defendants deny as untrue the remaining allegations contained in Paragraph 28 in the manner and form alleged.

29.     Defendants neither admit nor deny the allegations contained in Paragraph 29, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

30.     Defendants neither admit nor deny the allegations contained in Paragraph 30, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

31.     Defendants neither admit nor deny the allegations contained in Paragraph 31, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

32.     Defendants neither admit nor deny the allegations contained in Paragraph 32, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

270195410

33.     Defendants admit only that Plaintiff took FMLA leave during her employment but denies that the entire time-period, as stated in Paragraph 33, qualified for FMLA leave.

34.     Defendants neither admit nor deny the allegations contained in Paragraph 34, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

35.     Defendants neither admit nor deny the allegations contained in Paragraph 35, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

36.     Defendants neither admit nor deny the allegations contained in Paragraph 36, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

37.     Defendants neither admit nor deny the allegations contained in Paragraph 37, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

38.     Defendants neither admit nor deny the allegations contained in Paragraph 38, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

270195410

39.     Defendants neither admit nor deny the allegations contained in Paragraph 39, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

40.     Defendants neither admit nor deny the allegations contained in Paragraph 40, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

41.     Admitted.

42.     Defendants deny as untrue the allegations contained in Paragraph 42 in the manner and form alleged. Answering further, Plaintiff never requested an accommodation for any alleged disability.

43.     Defendants admit only that on August 23, 2021, Luce sent Plaintiff a written warning regarding Plaintiff's mismanagement of the Special Treatment Court program, which written warning is the best evidence of its contents, and deny as untrue any allegations contained in Paragraph 43 that are inconsistent with the contents of the written warning. Defendants deny as untrue the remaining allegations contained in Paragraph 43 in the manner and form alleged.

44.     Defendants admit only that on August 23, 2021, Luce sent Plaintiff a written warning regarding Plaintiff's mismanagement of the Special Treatment Court program, which written warning is the best evidence of its contents, and deny as untrue any allegations contained in Paragraph 44 that are inconsistent with the

7

contents of the written warning. Defendants deny as untrue the remaining allegations contained in Paragraph 44 in the manner and form alleged.

45.     Defendants admit only that on August 23, 2021, Luce sent Plaintiff a written warning regarding Plaintiff's mismanagement of the Special Treatment Court program, which written warning is the best evidence of its contents, and deny as untrue any allegations contained in Paragraph 45 that are inconsistent with the contents of the written warning. Defendants deny as untrue the remaining allegations contained in Paragraph 45 in the manner and form alleged.

46.     Defendants neither admit nor deny the allegations contained in Paragraph 46, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

47.     Defendants admit only that on August 24, 2021, Plaintiff emailed Luce asking, in part, whether she should attend a Special Treatment Court session held by Judge Nicholson, which email is the best evidence of its contents and deny as untrue any allegations contained in Paragraph 47 that are inconsistent with the contents of the email. Defendants deny as untrue the remaining allegations contained in Paragraph 47 in the manner and form alleged and deny as untrue that this was the entirety of the email that Plaintiff sent to Luce or that Plaintiff presents the email in proper context.

48.     Defendants admit only that Luce responded to Plaintiff's August 24, 2021, in part, by stating, "I do expect you to be working and not catching up socially with your department," which email is the best evidence of its contents and deny as untrue any allegations contained in Paragraph 48 that are inconsistent with the contents of the email. Defendants deny as untrue the remaining allegations contained in Paragraph 48 in the manner and form alleged and deny as untrue that this was the entirety of the email that Plaintiff sent to Luce or that Plaintiff presents the email in proper context.

49.     Defendants admit that Luce sent Plaintiff an email that stated, in part, "We need to review your daily tasks to determine why you don't seem to have enough time to devote to duties assigned to you," which email is the best evidence of its contents and deny as untrue any allegations contained in Paragraph 49 that are inconsistent with the contents of the email. Defendants deny as untrue the remaining allegations contained in Paragraph 49 in the manner and form alleged and deny as untrue that this was the entirety of the email that Plaintiff sent to Luce or that Plaintiff presents the email in proper context.

50.     Defendants deny as untrue the allegations contained in Paragraph 50.

51.     Defendants admit only that a meeting took place with Luce and the Probation Department on August 25, 2021 and that Criminal Department Leader Jamie Chaben and Office Supervisor Debbie Meltzer were also present. Defendants

deny as untrue the remaining allegations contained in Paragraph 51 in the manner and form alleged.

52.    Defendants deny as untrue the allegations contained in Paragraph 52 in the manner and form alleged.

53.    Defendants neither admit nor deny the allegations contained in Paragraph 53, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

54.    Defendants admit only that Plaintiff and Luce had an email exchange on August 25, 2021 regarding whether judges should be copied on certain Special Treatment Court emails, which email exchange is the best evidence of its contents and deny as untrue any allegations contained in Paragraph 54 that are inconsistent with the contents of the email. Defendants deny as untrue the remaining allegations contained in Paragraph 54 in the manner and form alleged and deny as untrue that this was the entirety of the email exchange or that Plaintiff presents the email in proper context.

55.    Defendants admit only that Luce and Plaintiff met in Luce's office on August 26, 2021. Defendants deny as untrue the remaining allegations contained in Paragraph 55 in the manner and form alleged.

56.    Defendants deny as untrue the allegations contained in Paragraph 56.

57.    Defendants deny as untrue the allegations contained in Paragraph 57.

58.     Defendants deny as untrue the allegations contained in Paragraph 58.

59.     Defendants deny as untrue the allegations contained in Paragraph 59.

60.     Defendants deny as untrue the allegations contained in Paragraph 60.

61.     Defendants admit only that Plaintiff was placed on a Corrective Action Plan on August 26, 2021. Defendants deny as untrue the remaining allegations contained in Paragraph 61 in the manner and form alleged.

62.     Defendants admit only that Luce authored the Corrective Action Plan.

63.     Defendants deny as untrue the allegations contained in Paragraph 63. Answering further, the Corrective Action Plan is the best evidence of its contents and Defendants deny as untrue any characterizations of the Corrective Action Plan contained in Paragraph 63 that are inconsistent with its contents.

64.     Defendants admit only that the Corrective Action Plan is the best evidence of its contents and deny as untrue any characterizations of the Corrective Action Plan contained in Paragraph 64 that are inconsistent with its contents.

65.     Defendants deny as untrue the allegations contained in Paragraph 65 in the manner and form alleged.

66.     Defendants neither admit nor deny the allegations contained in Paragraph 66, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs. Answering further, while Defendants cannot know what Plaintiff believed, Defendants deny as untrue that the Corrective Action Plan

11

was retaliation for taking FMLA leave or instituted for any improper or unlawful purpose.

67.     Defendants neither admit nor deny the allegations contained in Paragraph 67, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

68.     Defendants neither admit nor deny the allegations contained in Paragraph 68, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

69.     Defendants neither admit nor deny the allegations contained in Paragraph 69, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

70.     Admitted.

71.     Defendants admit only that on or about January 17, 2022, Plaintiff spoke to Luce about an issue that Plaintiff reported she was having with certain Probation Department staff members. Defendants deny as untrue the remaining allegations contained in Paragraph 71 in the manner and form alleged.

72.     Defendants deny as untrue the allegations contained in Paragraph 72 in the manner and form alleged.

73.     Defendants deny as untrue the allegations contained in Paragraph 73 in the manner and form alleged.

270195410

74.     Defendants deny as untrue the allegations contained in Paragraph 74 in the manner and form alleged.

75.     Defendants deny as untrue the allegations contained in Paragraph 75 in the manner and form alleged.

76.     Defendants deny as untrue the allegations contained in Paragraph 76 in the manner and form alleged.

77.     Defendants deny as untrue the allegations contained in Paragraph 77.

78.     Defendants deny as untrue the allegations contained in Paragraph 78.

79.     Defendants deny as untrue the allegations contained in Paragraph 79 in the manner and form alleged.

80.     Defendants deny as untrue the allegations contained in Paragraph 80.

81.     Defendants deny as untrue the allegations contained in Paragraph 81.

82.     Defendants deny as untrue the allegations contained in Paragraph 82.

83.     Defendants neither admit nor deny the allegations contained in Paragraph 83, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

84.     Defendants neither admit nor deny the allegations contained in Paragraph 84, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

13

85.     Defendant deny as untrue the allegations contained in Paragraph 85 in the manner and form alleged.

86.     Admitted.

87.     Defendants deny as untrue the allegations contained in Paragraph 87 in the manner and form alleged.

88.     Defendants deny as untrue the allegations contained in Paragraph 88.

89.     Admitted.

90.     Defendants admit only that Arbus filed a complaint against Luce with the Oakland County Human Resources Department, which complaint is the best evidence of its contents, and deny as untrue any allegations contained in Paragraph 90 that are inconsistent with the contents of the complaint. Defendants deny as untrue the remaining allegations contained in Paragraph 90 in the manner and form alleged.

91.     Admitted.

92.     Defendants admit only that Plaintiff filed a complaint against Luce with the Oakland County Human Resources Department, which complaint is the best evidence of its contents, and deny as untrue any allegations contained in Paragraph 92 that are inconsistent with the contents of the complaint. Defendants deny as untrue the remaining allegations contained in Paragraph 92 in the manner and form alleged.

14

93.     Defendants admit only that Luce filed a complaint against Arbus with the Michigan Certification Board for Addiction Professionals ("MCBAP"). Defendants deny as untrue the remaining allegations contained in Paragraph 93, including that the complaint was filed for retaliatory, improper, or unlawful purposes. Answering further, MCBAP found Arbus in violation of three cannons following its investigation.

94.     Defendants neither admit nor deny the allegations contained in Paragraph 94, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs. Defendants further state that the email exchange between Plaintiff and Wood and Fisher is the best evidence of its contents and deny as untrue any allegations contained in Paragraph 94 that are inconsistent with those emails.

95.     Defendants neither admit nor deny the allegations contained in Paragraph 95, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs. Defendants further state that the email exchange between Plaintiff and Wood and Fisher is the best evidence of its contents and deny as untrue any allegations contained in Paragraph 95 that are inconsistent with those emails.

96.     Defendants neither admit nor deny the allegations contained in Paragraph 96, being without sufficient information and knowledge to form a belief,

and leave Plaintiff to her proofs. Defendants further state that the email exchange between Plaintiff and Fisher is the best evidence of its contents and deny as untrue any allegations contained in Paragraph 96 that are inconsistent with those emails.

97.   Defendants neither admit nor deny the allegations contained in Paragraph 97, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs. Defendants further state that the email exchange between Plaintiff and Fisher is the best evidence of its contents and deny as untrue any allegations contained in Paragraph 97 that are inconsistent with those emails.

98.   Defendants neither admit nor deny the allegations contained in Paragraph 98, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs. Defendants further state that the email exchange between Plaintiff and Fisher is the best evidence of its contents and deny as untrue any allegations contained in Paragraph 98 that are inconsistent with those emails.

99.   Defendants neither admit nor deny the allegations contained in Paragraph 99, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

100.   Defendants neither admit nor deny the allegations contained in Paragraph 100, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

16

101.   Defendants neither admit nor deny the allegations contained in Paragraph 101, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

102.   Defendants neither admit nor deny the allegations contained in Paragraph 102, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

103.   Defendants neither admit nor deny the allegations contained in Paragraph 103, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

104.   Defendants neither admit nor deny the allegations contained in Paragraph 104, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

105.   Defendants neither admit nor deny the allegations contained in Paragraph 105, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs. Defendants further state that the email exchange between Plaintiff and Wood is the best evidence of its contents and deny as untrue any allegations contained in Paragraph 105 that are inconsistent with those emails. Defendants further deny as untrue that Luce failed to accommodate Plaintiff or that Luce was discriminating against Plaintiff and older employees.

17

106.   Paragraph 106 contains a conclusion of law to which no response is required.

107.   Defendants neither admit nor deny the allegations contained in Paragraph 107, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs. Defendants further state that the email exchange between Plaintiff and Wood and Fisher is the best evidence of its contents and deny as untrue any allegations contained in Paragraph 107 that are inconsistent with those emails.

108.   Admitted.

109.   Defendants neither admit nor deny the allegations contained in Paragraph 109, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs. Defendants further state that the email exchange between Plaintiff and Fisher and Wood is the best evidence of its contents and deny as untrue any allegations contained in Paragraph 109 that are inconsistent with those emails.

110.   Defendants admit only that on Plaintiff emailed Luce and Fisher on August 5, 2022, which email is the best evidence of its contents, and deny as untrue any allegations contained in Paragraph 110 that are inconsistent with the contents of the email. Defendants deny as untrue the remaining allegations contained in Paragraph 110 in the manner and form alleged.

270195410

111.   Defendants admit only that on Plaintiff emailed Luce and Fisher on August 5, 2022, which email is the best evidence of its contents, and deny as untrue any allegations contained in Paragraph 111 that are inconsistent with the contents of the email. Defendants deny as untrue the remaining allegations contained in Paragraph 111 in the manner and form alleged.

112.   Defendants admit only that Luce sent Plaintiff a termination letter on August 5, 2022, which letter is the best evidence of its contents, and deny as untrue any allegations contained in Paragraph 112 that are inconsistent with the contents of the letter. Defendants deny as untrue the remaining allegations contained in Paragraph 112 in the manner and form alleged.

113.   Defendants admit only that Luce sent Plaintiff a termination letter on August 5, 2022, which letter is the best evidence of its contents, and deny as untrue any allegations contained in Paragraph 113 that are inconsistent with the contents of the letter. Defendants deny as untrue the remaining allegations contained in Paragraph 113 in the manner and form alleged.

114.   Defendants deny as untrue the allegations contained in Paragraph 114.

115.   Defendants admit only that Luce sent Plaintiff a termination letter on August 5, 2022, which letter is the best evidence of its contents, and deny as untrue any allegations contained in Paragraph 115 that are inconsistent with the contents of

270195410

the letter. Defendants deny as untrue the remaining allegations contained in Paragraph 115 in the manner and form alleged.

116.   Defendants neither admit nor deny the allegations contained in Paragraph 116, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

117.   Defendants deny as untrue the allegations contained in Paragraph 117 in the manner and form alleged.

118.   Defendants deny as untrue the allegations contained in Paragraph 118.

119.   Defendants deny as untrue the allegations contained in Paragraph 119.

120.   Defendants deny as untrue the allegations contained in Paragraph 120.

121.   Defendants deny as untrue the allegations contained in Paragraph 121.

122.   Defendants deny as untrue the allegations contained in Paragraph 122.

123.   Defendants deny as untrue the allegations contained in Paragraph 123.

124.   Defendants deny as untrue the allegations contained in Paragraph 124. Answering further, Plaintiff has not pled an age discrimination claim.

125.   Defendants neither admit nor deny the allegations contained in Paragraph 125, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

126.   Defendants neither admit nor deny the allegations contained in Paragraph 126, being without sufficient information and knowledge to form a belief,

and leave Plaintiff to her proofs. Defendants further state that the email exchange between Plaintiff and Arbus and Wood is the best evidence of its contents and deny as untrue any allegations contained in Paragraph 126 that are inconsistent with those emails.

127. Defendants neither admit nor deny the allegations contained in Paragraph 127, being without sufficient information and knowledge to form a belief, and leave Plaintiff to her proofs.

128. Defendants deny as untrue the allegations contained in Paragraph 128 in the manner and form alleged.

129. Defendants deny as untrue the allegations contained in Paragraph 129.

130. Defendants deny as untrue the allegations contained in Paragraph 130.

131. Defendants deny as untrue the allegations contained in Paragraph 131.

132. Defendants deny as untrue the allegations contained in Paragraph 132.

**COUNT I**
**42 U.S.C. § 1983**
**FIRST AMENDMENT RETALIATION**
**AGAINST DEFENDANT FABRIZIO IN HIS PERSONAL CAPACITY**

133. Defendants incorporate their answers and responses to Paragraphs 1 through 132 as though fully restated herein.

134. Paragraph 134 contains a statement of the law to which no response is required.

270195410

135.    Paragraph 135 contains a statement of the law to which no response is required.

136.    Paragraph 136 contains a statement of the law to which no response is required.

137.    Paragraph 137 contains a statement of the law to which no response is required.

138.    Paragraph 138 contains a statement of the law to which no response is required.

139.    Paragraph 139 contains a statement of the law to which no response is required.

140.    Paragraph 140 contains a statement of the law to which no response is required.

141.    Paragraph 141 contains a statement of the law to which no response is required.

142.    Defendants deny as untrue the allegations contained in Paragraph 142.

143.    Paragraph 143 contains a statement of the law to which no response is required.

144.    Defendants deny as untrue the allegations contained in Paragraph 144.

145.    Paragraph 145 contains a statement of the law to which no response is required.

146.  Defendants deny as untrue the allegations contained in Paragraph 146.

147.  Defendants deny as untrue the allegations contained in Paragraph 147.

148.  Defendants deny as untrue the allegations contained in Paragraph 148.

149.  Defendants deny as untrue the allegations contained in Paragraph 149.

150.  Defendants deny as untrue the allegations contained in Paragraph 150.

151.  Defendants deny as untrue the allegations contained in Paragraph 151.

152.  Defendants deny as untrue the allegations contained in Paragraph 152.

153.  Defendants deny as untrue the allegations contained in Paragraph 153.

154.  Defendants deny as untrue the allegations contained in Paragraph 154.

155.  Defendants deny as untrue the allegations contained in Paragraph 155.

156.  Defendants deny as untrue the allegations contained in Paragraph 156.

WHEREFORE, Defendants request that this Court enter judgment against Plaintiff and in favor of Defendants, dismiss Plaintiff's Complaint in its entirety, with prejudice, award Defendants their costs, attorneys' fees, including those costs and attorneys' fees wrongfully incurred under 42 U.S.C. § 1988, and other appropriate equitable relief.

## COUNT II
### 29 U.S.C. § 794 *et seq.*
## DISCRIMINATION AND RETALIATION IN VIOLATION OF
## SECTION 504 OF THE REHABILITATION ACT
## <u>AGAINST DEFENDANT 52ND DISTRICT COURT</u>

157.   Defendants incorporate their answers and responses to Paragraphs 1 through 156 as though fully restated herein.

158.   Paragraph 158 contains a conclusion of law to which no response is required.

159.   Paragraph 159 contains a conclusion of law to which no response is required.

160.   Paragraph 160 contains a conclusion of law to which no response is required.

161.   Defendants deny as untrue the allegations contained in Paragraph 161.

162.   Defendants deny as untrue the allegations contained in Paragraph 162.

163.   Defendants deny as untrue the allegations contained in Paragraph 163.

164.   Defendants deny as untrue the allegations contained in Paragraph 164.

165.   Defendants deny as untrue the allegations contained in Paragraph 165.

166.   Defendants deny as untrue the allegations contained in Paragraph 166.

167.   Defendants deny as untrue the allegations contained in Paragraph 167.

168.   Defendants deny as untrue the allegations contained in Paragraph 168.

169.   Defendants deny as untrue the allegations contained in Paragraph 169.

WHEREFORE, Defendants request that this Court enter judgment against Plaintiff and in favor of Defendants, dismiss Plaintiff's Complaint in its entirety, with prejudice, award Defendants their costs, attorneys' fees, and other appropriate equitable relief.

**COUNT III**
**29 U.S.C. § 2611,** *et seq.*
**RETALIATION IN VIOLATION OF**
**THE FAMILY MEDICAL LEAVE ACT**
**AGAINST ALL DEFENDANTS**
<u>**DECLARATORY AND EQUITABLE RELIEF**</u>
<u>**IN THE FORM OF REINSTATEMENT ONLY**</u>

170.   Defendants incorporate their answers and responses to Paragraphs 1 through 169 as though fully restated herein.

171.   Paragraph 171 contains a conclusion of law to which no response is required.

172.   Paragraph 172 contains a statement of the law to which no response is required.

173.   Defendants deny as untrue the allegations contained in Paragraph 173.

174.   Defendants deny as untrue the allegations contained in Paragraph 174.

175.   Defendants deny as untrue the allegations contained in Paragraph 175.

176.   Defendants deny as untrue the allegations contained in Paragraph 176.

177.   Defendants deny as untrue the allegations contained in Paragraph 177.

178.   Defendants deny as untrue the allegations contained in Paragraph 178.

270195410

WHEREFORE, Defendants request that this Court enter judgment against Plaintiff and in favor of Defendants, dismiss Plaintiff's Complaint in its entirety, with prejudice, award Defendants their costs, attorneys' fees, and other appropriate equitable relief.

**COUNT IV**
**DISCRIMINATION AND RETALIATION IN VIOLATION OF THE**
**AMERICANS WITH DISABILITIES ACT OF 1990 ("ADA")**
**AGAINST ALL DEFENDANTS**
**<u>DECLARATORY AND EQUITABLE RELIEF</u>**
**<u>IN THE FORM OF REINSTATEMENT ONLY</u>**

179.   Defendants incorporate their answers and responses to Paragraphs 1 through 178 as though fully restated herein.

180.   Paragraph 180 contains a conclusion of law to which no response is required.

181.   Defendants deny as untrue the allegations contained in Paragraph 181.

182.   Defendants deny as untrue the allegations contained in Paragraph 182.

183.   Defendants deny as untrue the allegations contained in Paragraph 183.

WHEREFORE, Defendants request that this Court enter judgment against Plaintiff and in favor of Defendants, dismiss Plaintiff's Complaint in its entirety, with prejudice, award Defendants their costs, attorneys' fees, and other appropriate equitable relief.

270195410

**COUNT V**
**MCL § 15.361, *et seq.***
**RETALIATION IN VIOLATION OF**
**MICHIGAN'S WHISTLEBLOWER PROTECTION ACT**
**AGAINST ALL DEFENDANTS**

184.   Defendants incorporate their answers and responses to Paragraphs 1 through 183 as though fully restated herein.

185.   Paragraph 185 contains a conclusion of law to which no response is required.

186.   Paragraph 186 contains a conclusion of law to which no response is required.

187.   Paragraph 187 contains a statement of the law to which no response is required.

188.   Defendants deny as untrue the allegations contained in Paragraph 188.

189.   Defendants deny as untrue the allegations contained in Paragraph 189.

190.   Defendants deny as untrue the allegations contained in Paragraph 190.

191.   Defendants deny as untrue the allegations contained in Paragraph 191.

WHEREFORE, Defendants request that this Court enter judgment against Plaintiff and in favor of Defendants, dismiss Plaintiff's Complaint in its entirety, with prejudice, award Defendants their costs, attorneys' fees, and other appropriate equitable relief.

270195410

## **PRAYER FOR RELIEF**

In answer to the Paragraph "Prayer for Relief," Defendants deny Plaintiff is entitled to any relief whatsoever, including the relief requested in sub-paragraphs (a) through (j).

WHEREFORE, Defendants request that this Court enter judgment against Plaintiff and in favor of Defendants, dismiss Plaintiff's Complaint in its entirety, with prejudice, award Defendants their costs, attorneys' fees, including those costs and attorneys' fees wrongfully incurred under 42 U.S.C. § 1988, and other appropriate equitable relief.

## **JURY DEMAND**

Defendants 52nd District Court ("52nd District Court") and Judge Joseph G. Fabrizio ("Judge Fabrizio") (collectively, "Defendants"), through their attorneys Clark Hill PLC, hereby rely on the jury demand filed by Plaintiff in the above-entitled cause of action and demand a trial by jury on all issues so triable.

## **AFFIRMATIVE DEFENSES**

Defendants 52nd District Court ("52nd District Court") and Judge Joseph G. Fabrizio ("Judge Fabrizio") (collectively, "Defendants"), through their attorneys Clark Hill PLC, state as follows for their Affirmative Defenses to Plaintiff's Complaint and Jury Demand ("Complaint"):

270195410

1.    Plaintiff's claims should be dismissed, in whole or in part, because she has failed to state a claim upon which relief can be granted.

2.    Defendants have not violated any established right under the Constitution or laws of the United States or any political subdivision or any act of Congress providing for the protection of civil rights.

3.    Defendant 52nd District Court and its employees acted in the lawful exercise of their discretion and as a result Defendant 52nd District Court is entitled to governmental immunity.

4.    Judge Fabrizio has not violated any clearly established constitutional or statutory rights that a reasonable person is likely to have known and therefore is entitled to qualified immunity.

5.    Plaintiff's claims against Defendants are barred in whole or in part because of Plaintiff's own actions, misconduct, unclean hands and/or misrepresentations.

6.    Plaintiff unreasonably failed to take advantage of preventative and/or corrective opportunities provided by Defendants and/or to avoid harm otherwise.

7.    Plaintiff's claims against Defendants are barred in whole or in part because any actions, decisions or statements of Defendants relevant to this matter were made lawfully and in good faith solely on the basis of Defendants' business judgment.

270195410

8.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

9.    Plaintiff's claims are barred, in whole or in part, by her failure to exhaust administrative remedies and/or comply with conditions precedent.

10.    This Court lacks subject matter jurisdiction over any claim beyond the scope of the underlying administrative charge filed by Plaintiff, on the ground that Plaintiff failed to exhaust her administrative remedies or failed to file the claims in an administrative charge with the Equal Employment Opportunity Commission.

11.    Plaintiff's claims should be dismissed, in whole or in part, because she has suffered no damages.

12.    Plaintiff is not entitled to any monetary relief, either in the form of back pay, front pay or compensatory damages, due to Plaintiff's failure to properly mitigate her damages and her damages, if any, are subject to appropriate set offs.

13.    Plaintiff's claims and requests for damages are barred, in whole or in part, by her own improper acts of omission and/or commission.

14.    Plaintiff's damages, if any, were not proximately or otherwise caused by the conduct of Defendants.

15.    Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations period.

30

270195410

16.     Plaintiff's Complaint and claims for damages are barred, in whole or in part, by after acquired evidence of facts and circumstances which have become known to Defendant since Plaintiff's employment ended.

17.     Defendants reserve the right to add additional affirmative defenses as discovered in its continuing investigation and discovery.

WHEREFORE, Defendants request that this Court enter judgment against Plaintiff and in favor of Defendants, dismiss Plaintiff's Complaint in its entirety, with prejudice, award Defendants their costs, attorneys' fees, including those costs and attorneys' fees wrongfully incurred under 42 U.S.C. § 1988, and other appropriate equitable relief.

Respectfully submitted,

s/ Christopher M. Trebilcock
Christopher M. Trebilcock (P62101)
Vincent C. Sallan (P79888)
Clark Hill PLC
Attorneys for Defendants
500 Woodward Avenue, Suite 3500
Detroit, Michigan 48226
(313) 965-8300
ctrebilcock@clarkhill.com
DATE:  January  31, 2023          vsallan@clarkhill.com

270195410

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2023, I electronically filed with the Clerk

of Court the above document using the CM/ECF system which will send notification

of such filing(s) to all counsel of record.

Respectfully submitted,

Date: January 31, 2023                     By:   s/ Vincent C. Sallan
                                                 Vincent C. Sallan (P79888)
                                                 Clark Hill PLC

32

270195410