# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SHELLY MCLEOD,

        Plaintiff,

v.

52ND DISTRICT COURT AND
JUDGE JOSEPH G. FABRIZIO,
IN HIS PERSONAL CAPACITY,

        Defendants.

Case No. 2:22-cv-12560

Hon. F. Kay Behm
Mag. Judge David R. Grand

| | |
|---|---|
| Noah S. Hurwitz (P74063) | Christopher M. Trebilcock (P62101) |
| Kara F. Krause (P85487) | Vincent C. Sallan (P79888) |
| Grant M. Vlahopoulos (P85633) | CLARK HILL PLC |
| HURWITZ LAW PLLC | *Attorneys for Defendants* |
| Attorneys for Plaintiff | 500 Woodward Avenue, Suite 3500 |
| 617 Detroit St., Ste. 125 | Detroit, MI 48226 |
| Ann Arbor, MI 48104 | (313) 965-8300 |
| (844) 847-9489 | ctrebilcock@clarkhill.com |
| Noah@hurwtizlaw.com | vsallan@clarkhill.com |
| Grant@hurwitzlaw.com | |
| Kara@hurwitzlaw.com | |

## RULE 26(f) JOINT DISCOVERY PLAN

Plaintiff SHELLY MCLEOD ("Plaintiff") and Defendant 52ND DISTRICT
COURT and JUDGE JOSEPH G. FABRIZIO, in his personal capacity
("Defendants") through their respective counsel of record, jointly submit this Joint
Discovery Plan. An initial scheduling conference is scheduled for April 6, 2023, at
11:00 a.m. Appearing for the parties as counsel will be Noah S. Hurwitz for Plaintiff
and Christopher M. Trebilcock and Vincent C. Sallan for Defendants.

271109064

1) **Related Case:** This case is not related to any other pending civil case.

2) **Jurisdiction:** The U.S. District Court for the Eastern District of Michigan has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's state law claim.

3) **Venue:** Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. § 1391, as it is the district where the Defendant's principal place of business is located and where the events giving rise to Plaintiff's claims took place.

4) **Amendment of Pleadings:** At this juncture of the case, the parties do not anticipate amendments to the Complaint or Answer.

5) **Admissions of facts and stipulations to the authenticity of documents:** The parties anticipate being able to narrow factual issues after completing discovery. The parties further agree to work together to resolve any issues related to the authenticity and admission of any documents.

6) **Discovery.**

    a.    **Initial Disclosures:**

        i.    Initial disclosures pursuant to FED. R. CIV. P. 26(a)(1)(A) shall be served within fourteen (14) days of the conference of the parties pursuant to FED. R. CIV. P. 26(a)(1)(C) or by April 20, 2023.

271109064

**b.      Subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to particular issues:**

Discovery will be needed on issues of liability, defenses, and damages. The parties propose that discovery be completed within eight (8) months of the issuance of the scheduling order, or by December 6, 2023. The Parties believe the issues for discovery are adequately framed by Plaintiff's Complaint and Defendant's Answer and Affirmative Defenses.

The parties propose as follows for an appropriate case management plan:

| Event | Deadline |
|---|---|
| Timing of Initial Disclosures | April 20, 2023 |
| Preliminary Witness List Exchange | August 21, 2023 |
| Discovery Completion | December 6, 2023 |
| Expert Witness Disclosures | As outlined below, if necessary |
| Dispositive Motion Filing Deadline | January 17, 2024 |
| Joint Final Pre-Trial Report | One week before Final Pre-Trial Conference |
| Final Pre-Trial Conference | To be set by the court |
| Trial Date | To be set by the court |
| Jury or Bench Trial | Jury Trial |

271109064

| Estimated Length of Time | 5-7 full trial days |
| --- | --- |

Plaintiff anticipates deposing decision-makers. Defendant anticipates deposing Plaintiff and possibly others. The attorneys will evaluate the need for additional depositions after the initial depositions have been taken. At this time, the parties do not expect that expert testimony will be necessary. However, to the extent any party intends to use an expert in this case, the parties agree to the following:

a. Any expert witness whose testimony relates to liability that a party may call at trial, or utilize in a dispositive motion or response to a dispositive motion, must be disclosed no later than ninety (90) days before the close of discovery, and the expert must also provide the opposing party with a written report that contains the information required under Fed. R. Civ. P. 26(a)(2)(B) by the same deadline.

b. Any expert witness whose testimony relates to damages only that Plaintiff may call at trial must be disclosed on a supplemental witness list filed by Plaintiff within thirty (30) days after the Court's ruling on any dispositive motion or, in the absence of such a motion, no later than ninety (90) days before trial. The expert must also provide Defendant with a written report that contains the information required under Fed. R. Civ. P. 26(a)(2)(B) by the same deadline.

c. Any expert witness whose testimony relates to damages only that Defendant may call at trial must be disclosed on a supplemental witness list filed by Defendant within thirty (30) days after receipt of Plaintiff's damages expert's report. The Defendant's expert(s) must also provide Plaintiff with a written report that contains the information required under Fed. R. Civ. P. 26(a)(2)(B) by the same deadline.

d. Once a listed expert witness has provided his/her written report, either party may notice the expert's deposition for a date, time,

271109064

and location to be agreed upon by the parties, but any such deposition must be completed no later than fourteen (14) days before trial.

      e.      Fed. R. Civ. P. 37(c)(1) shall apply to a party's failure to list an expert witness.

**7)**     **Limitations on Discovery:** At the present time, the Parties do not foresee any need to modify the limitations on discovery or the discovery requirements set forth by the Federal Rules of Civil Procedure, including the number of depositions, the length of any such depositions, or the number of interrogatories.

**8)**     **Electronic Discovery:** The parties have discussed the production of electronically stored information and suggest that such information be handled as follows: The parties agree that electronic information shall be produced in a format that is compatible with common software such as Microsoft Word, Excel, and Adobe. Alternatively, electronic data may be produced in a hard copy format such that the paper copy does not result in loss of data. If discovery of ESI becomes more complex than currently anticipated, the parties shall craft a method for obtaining ESI in a manner that promotes transparency and efficiency while reducing the expense for any party. The parties also reserve the right to request production of ESI in its original or native format subject to the parties' rights and obligations under the Federal Rules of Civil Procedure.

**9)**     **Discovery Disputes:** The parties have no outstanding or anticipated discovery disputes as this time.

271109064

10)     **Privilege or Protected Materials:** The Parties have not identified any specific issues regarding claims of privilege or production of trial preparation material at this time. The Parties may move for the entry of an appropriate protective order but are not certain if one will be required at this time.

11)     **Insurance**: Defendant has not identified any insurance available to satisfy part or all of a judgment, including indemnification agreements.

12)     **Settlement:** The parties are amenable to a settlement conference with the Magistrate Judge to be held approximately thirty (30) days prior to the completion of discovery. The parties would also be willing to participate in non-binding facilitation with a private mediator. It would be most useful to attend facilitation after an initial round of discovery, including the taking of Plaintiff's deposition, has taken place.

The Parties do not believe this case is an appropriate candidate for the case evaluation process under Michigan Court Rule 2.403 (which this Court has adopted and made applicable to proceedings in the Eastern District of Michigan pursuant to E.D. Mich. LR 16.3).

13)     **Anticipated Motions:** Defendants anticipate filing a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 following the close of discovery.

14)     **Consent:**  Plaintiff does not agree to having a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to

271109064

order the entry of final judgment. Defendant also does not consent.

15)   **Trial:**  This case is to be tried before a jury.

16)   **Each Side's View of What it Would Take to Resolve This Matter:**

The Parties believe that this matter could be resolved through non-binding facilitation or through a settlement conference with the Magistrate Judge following some modest discovery, including Plaintiff's deposition.

Respectfully submitted:

| | |
|---|---|
| /s/ Noah Hurwitz (w/consent) | /s/ Vincent C. Sallan |
| Noah S. Hurwitz (P74063) | Christopher M. Trebilcock (P62101) |
| Grant M. Vlahopoulos (P85633 | Vincent C. Sallan (P79888) |
| HURWITZ LAW PLLC | CLARK HILL PLC |
| Attorneys for Plaintiff | Attorneys for Defendants |
| Noah@hurwtizlaw.com | ctrebilcock@clarkhill.com |
| Grant@hurwitzlaw.com | vsallan@clarkhill.com |

271109064